**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116770

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tanesha Mason, individually and on behalf of all those similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>Pinnacle Recovery, Inc.,<br><br>     Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

   Tanesha Mason, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Pinnacle Recovery, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

   1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

   2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

   3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

   4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Tanesha Mason is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Pinnacle Recovery, Inc., is a California Corporation with a principal place of business in San Diego County, California.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated August 29, 2018. (**"Exhibit 1."**)

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. The Letter directs Plaintiff to Defendant's website.

17. The website is a "communication" as defined by 15 U.S.C. § 1692a(2)

## FIRST COUNT
**Violation of 15 U.S.C. § 1692f**
**Unlawful Fee**

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any

interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

21. Defendant maintains a website at www.paypinnaclerecovery.com.

22. Defendant's website provides a payment portal.

23. Defendant's payment portal sets forth that Defendant charges a convenience fee of $2.00 for payments made.

24. Such convenience fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

25. Such convenience fee is prohibited by 15 U.S.C. § 1692f(1).

26. Defendant violated 15 U.S.C. § 1692f by charging a convenience fee.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False Representation as to Unlawful Fee**

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

29. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

30. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

31. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a convenience fee.

32. The least sophisticated consumer would likely be deceived by the convenience fee language into believing that Defendant was legally entitled to collect the fee.

33. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

34. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**CLASS ALLEGATIONS**

35. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to charge a convenience fee, from one year before the date of this Complaint to the present.

36. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

37. Defendant regularly engages in debt collection.

38. The Class consists of more than 35 persons from whom Defendant attempted to charge a convenience fee.

39. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

41. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

42. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.  Certify this action as a class action; and

b.  Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.  Find that Defendant's actions violate the FDCPA; and

d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Grant Plaintiff's costs; together with

g.  Such other relief that the Court determines is just and proper.

DATED: March 29, 2019

                                              **BARSHAY SANDERS, PLLC**

                                              By: _/s/ *Craig B. Sanders*_____
                                              Craig B. Sanders, Esq.
                                              100 Garden City Plaza, Suite 500
                                              Garden City, New York 11530
                                              Tel: (516) 203-7600
                                              Fax: (516) 706-5055
                                              csanders@barshaysanders.com
                                              *Attorneys for Plaintiff*
                                              Our File No.: 116770